NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD KEITH WATKINS SR.,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1904

---

Petition for review of the Merit Systems Protection Board in No. DC-0841-24-0501-I-1.

---

Decided: December 6, 2024

---

RONALD KEITH WATKINS, Silver Spring, MD, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before LOURIE, DYK, and PROST, *Circuit Judges.*

PER CURIAM.

Ronald Keith Watkins, Sr. has appealed the Merit Systems Protection Board's ("MSPB") final decision dismissing his appeal as barred by the doctrine of res judicata. *Watkins v. OPM*, No. DC-0841-24-0501-I-1, 2024 WL 3077398 (M.S.P.B. May 31, 2024) ("*Decision*"). For the following reasons, we affirm.

## BACKGROUND

Mr. Watkins held a series of employment positions with the government of the District of Columbia ("D.C.") beginning in 1981. Mr. Watkins's final position was with the D.C. Department of Corrections ("DOC") from September 1986 until his termination in February 2003. After his termination, Mr. Watkins brought suit in the Superior Court of the District of Columbia ("Superior Court") against DOC alleging that DOC terminated him in retaliation for whistleblowing. *Decision*, 2024 WL 3077398. On March 27, 2008, the D.C. Court of Appeals ultimately affirmed the judgment of the Superior Court granting Mr. Watkins relief, including front pay and back pay in lieu of reinstatement. *See Watkins v. District of Columbia*, 944 A.2d 1077, 1085 (D.C. 2008).

Between 2013 and 2014, Mr. Watkins submitted retirement applications with the DOC and the D.C. Department of Human Resources. The applications were denied, and Mr. Watkins filed suit in the Superior Court challenging those denials. The D.C. Court of Appeals affirmed the Superior Court's dismissal of his complaint on the grounds that Mr. Watkins's retirement was governed by the federal Civil Service Retirement System ("CSRS").

Mr. Watkins then applied for retirement under the CSRS. On February 8, 2016, the Office of Personnel Management ("OPM") issued a final decision denying his application on the grounds that Mr. Watkins did not have the requisite creditable service to be eligible for an immediate retirement annuity. Mr. Watkins filed an MSPB appeal

challenging OPM's final decision, and the MSPB Administrative Judge ("AJ") affirmed OPM's decision.  Mr. Watkins filed a Petition for Review, and the MSPB issued a final order affirming the AJ's initial decision.  Mr. Watkins appealed the MSPB's decision to this court, and we affirmed the MSPB's decision on September 14, 2023.  *See Watkins v. OPM*, No. 2022-2085, 2023 WL 5970785 (Fed. Cir. Sept. 14, 2023).

On April 17, 2024, OPM sent Mr. Watkins a letter notifying him that he had fully adjudicated his application before the MSPB as of September 14, 2023, and had exhausted his administrative rights on the matter.  Mr. Watkins then filed another appeal to the MSPB regarding this letter.  On May 6, 2024, the AJ issued an Acknowledgment Order and an "Order to Show Cause—Jurisdiction" informing Mr. Watkins that his appeal appeared barred by res judicata and collateral estoppel given his prior appeals.  Mr. Watkins filed five responses to the order, and the AJ determined that Mr. Watkins's appeal was barred by res judicata and dismissed the appeal.  The decision became final on July 5, 2024.  *Decision*, 2024 WL 3077398.

Mr. Watkins timely appealed, and this court has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In review of MSPB final decisions, we must affirm the decision unless "agency action, findings, or conclusions [are] found to be—(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  "The petitioner bears the burden of establishing error in the [MSPB]'s decision."  *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

"Whether, based on the facts of the case, a claim is barred by res judicata is a question of law which we review

de novo." *Faust v. United States*, 101 F.3d 675, 677 (Fed. Cir. 1996) (cleaned up).

"Under the doctrine of res judicata . . . , [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (cleaned up). Accordingly, res judicata applies when it is proven that "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Id.*

We agree with the MSPB that Mr. Watkins's present appeal is barred by res judicata. First, the parties are identical, as Mr. Watkins has previously brought suit against OPM. Second, our September 14, 2023 decision affirming the MSPB was a final judgment on the merits of Mr. Watkins's appeal. Third, this second appeal is based on the same set of transactional facts as the first—here, Mr. Watkins is alleging (again) entitlement to back pay and a retirement annuity under the CSRS based on his federal employment from 1981 to 2003. Despite Mr. Watkins's request that the MSPB review his appeal to consider new evidence and correct alleged legal errors, res judicata bars relitigation of his claim. We therefore affirm the MSPB's decision dismissing Mr. Watkins's appeal as barred by res judicata.

## CONCLUSION

We have considered Mr. Watkins's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### AFFIRMED

#### COSTS

No costs.